**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-4288**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS NEIL PICKETT,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (CR-04-47-F)

_____

Submitted:  February 15, 2006        Decided:  March 9, 2006

_____

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Sofie W. Hosford, HOSFORD & HOSFORD, Wilmington, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In September 2004, a jury found Thomas Pickett guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2000); use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000); and distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000). Additionally, the jury found Pickett not guilty on a fourth charge, conspiracy to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 846 (2000); however, it convicted Pickett on the lesser included offense of conspiracy to distribute five or more grams of cocaine base. In February 2005, the district court sentenced Pickett to a total of 352 months' imprisonment. Pickett appeals his conviction and sentence.

First, Pickett asserts that in-court and out-of-court identifications of him by three witnesses were impermissibly suggestive and unreliable. The Due Process Clause protects against identification procedures that are unnecessarily suggestive and conducive to mistaken identifications. See Neil v. Biggers, 409 U.S. 188, 198 (1972). Findings of fact made by a district court in ruling on a motion to suppress are reviewed for clear error, but the ultimate suppression decision is reviewed de novo. See United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). A court must engage in a two-step inquiry in determining whether identification

testimony is admissible. See United States v. Wilkerson, 84 F.3d 692, 695 (4th Cir. 1996). First, the defendant must establish that the identification procedure was impermissibly suggestive. See Manson v. Brathwaite, 432 U.S. 98, 109 (1977). Second, even if the procedure is found to be unduly suggestive, the identification is valid if it was reliable. See id. at 114.

We may proceed directly to the reliability of the identification without determining whether the defendant has met the threshold requirement of suggestiveness, see Holdren v. Legursky, 16 F.3d 57, 61 (4th Cir. 1994), and we find that the identifications were sufficiently reliable. One witness had known Pickett for several months. The other two witnesses engaged in transactions with Pickett under circumstances sufficient to observe his appearance reliably, either outside in the sunlight or inside with the aid of adequate artificial light. Furthermore, all three witnesses readily selected Pickett's photo from a proper photographic array.

Second, Pickett argues the district court admitted, and subsequently provided no jury instruction for, evidence of bad acts prior to the dates alleged in the indictment--evidence that was intended to demonstrate his criminal disposition. See Fed. R. Evid. 404(b). The alleged prior bad acts evidence was testimony that Pickett possessed a firearm in January 2003. However, the second superseding indictment alleged a drug trafficking conspiracy

beginning in January 2001. The district court admitted the testimony as probative of Pickett's participation in the conspiracy. Therefore, because the testimony related to events within the charged time frame of the conspiracy, its admission into evidence did not implicate Rule 404(b).

Finally, Pickett argues that the district court committed clear error by sentencing him based upon a quantity of cocaine base greater than the amount for which the jury convicted him in its special verdict, in violation of United States v. Booker, 543 U.S. 220 (2005). "Consistent with the remedial scheme set forth in Booker, a district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines." United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). Because Pickett was sentenced post-Booker under the advisory sentencing guidelines, the district court first calculated his guideline range, including the amount of drugs the court found reasonably attributable to him. In calculating drug amounts, the court may consider any relevant information, provided that the information has sufficient indicia of reliability to support its accuracy. United States v. Uwaeme, 975 F.2d 1016, 1021 (4th Cir. 1992). Because the district court applied the correct standards in considering evidence regarding the drug amount attributable to Pickett, and because the court did not consider itself bound by the guidelines, we find no error.

- 4 -

Accordingly, we affirm Pickett's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED